IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAROLD WARRINGTON, | § | |
| | § | No. 372, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2203005115 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 19, 2023
Decided: October 20, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    On October 4, 2023, the appellant, Harold Warrington, filed a notice of appeal from a March 1, 2023 Superior Court sentencing order. Under Supreme Court Rule 6, a timely notice of appeal was due on or before March 31, 2023.[1]

(2)    The Senior Court Clerk issued a notice directing Warrington to show cause why his appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Warrington argues the merits of his appeal and raises

---

[1] Del. Supr. Ct. R. 6(a)(iii).

ineffective-assistance-of-counsel claims but does not explain why he did not file a timely notice of appeal.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Court within the applicable time period to be effective.[3] An appellant's *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5]

(4) The record does not reflect that Warrington's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must therefore be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal be DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[3] Del. Supr. Ct. R. 10(a).

[4] *See Smith v. State*, 47 A.3d 481 (Del. 2012).

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2